1

2
14 MAY -9  AM 9: 41

3
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4
BY          DEPUTY

5

6

7

8
## UNITED STATES DISTRICT COURT

9
## SOUTHERN DISTRICT OF CALIFORNIA

10

11
SADIQ SAIBU,                          CASE NO. 12-CV-1564 BEN (MDD)

12
                      Petitioner,     **ORDER:**

13
                                      **(1) ADOPTING REPORT AND**
        vs.                           **RECOMMENDATION**

14
                                      **(2) DENYING PETITION FOR**

15
                                      **WRIT OF HABEAS CORPUS**

16
L.S. McEWEN, Warden,                  **(3) DENYING CERTIFICATE OF**
                                      **APPEALABILITY**

17
                      Respondent.
                                      [Docket No. 15]

18

19
        Petitioner Sadiq Saibu, a state prisoner proceeding *pro se*, filed the instant

20
Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)

21
Respondent filed a Response on October 25, 2012. (Docket No. 11.)  Petitioner filed

22
a traverse on December 6, 2012.  (Docket No. 14.)

23
        Magistrate Judge Mitchell D. Dembin issued a thoughtful and thorough Report

24
and Recommendation recommending that the Petition be denied.  (Docket No. 15.)

25
Petitioner filed an Objection to the Report and Recommendation. (Docket No. 16.) In

26
addition, Petitioner submitted a Supplemental Submission of the Declaration of

27
Antonio Valentino and Request for an Evidentiary Hearing. (Docket No. 21.)

28
///

## I.   REPORT AND RECOMMENDATION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

It is well-established that a party objecting to a Report and Recommendation must cite specific instances of error in the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." (internal citations and quotations omitted)). As the Fourth Circuit stated,

> [A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622; *see also* FED. R. CIV. P. 72(b)(2) (requiring objecting party to file "specific written objections to the proposed findings and recommendations").

In his Objection, Petitioner argues: (1) the California Court of Appeal should have applied the standard of review set forth in *Chapman v. California*, 386 U.S. 18, 24 (1967), when determining whether evidence of Petitioner's prior bank robbery

1   conviction should have been admitted; (2) the recording of Naz Almajid's conversation
2   with the police was improperly admitted as highly probative and not hearsay; (3) the
3   California Court of Appeal incorrectly concluded that there was sufficient evidence to
4   prove that Petitioner could have known that the shooting would occur as a natural and
5   probable consequence of the robbery; and (4) the cumulative effect of the asserted
6   evidentiary errors violated his right to due process.  Petitioner has already presented
7   these arguments to Judge Dembin in his Petition and Traverse.  The Report and
8   Recommendation thoroughly discusses, and correctly rejects, all of these arguments.
9   Because the Petitioner's Objection simply reiterates the arguments he previously
10  presented to Judge Dembin and fails to point to any specific instance of error in the
11  Report and Recommendation, the Court overrules Plaintiff's Objection.  The Court
12  fully **ADOPTS** Judge Dembin's Report and Recommendation.  Petitioner's Petition is
13  **DENIED**.

14       **II.   REQUEST FOR AN EVIDENTIARY HEARING**

15       Petitioner submits a Supplemental Declaration by Antonio Valentino.  Valentino
16  testifies that "Mr. Sadiq Saibu did not in any way plan, encourage or promote me or
17  anyone to my knowledge to commit [sic] the crime on July 13, 2005.  Furthermore,
18  Mr. Saibu did not provide me or anyone to my knowledge with a Silver or Black
19  revolver on or before July 13, 2005." (Docket No. 21, at 4.)  Petitioner requests that
20  an evidentiary hearing be held.

21       "[R]eview under § 2254(d)(1) is limited to the record that was before the state
22  court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388,
23  1398 (2011).   Petitioner claims that he was "only recently able to obtain the
24  aforementioned Declaration." (Docket No. 21, at 1.)  In addition, Valentino testifies
25  that he "ha[s] not spoken of or revealed this information before this time because of the
26  state of [his] Appeal." (*Id.* at 4.)  Because this evidence was not before the state court
27  at the time it adjudicated the claims on the merits, this Court may not consider the
28  Declaration.  Accordingly, the request for an evidentiary hearing is **DENIED**.

### III.   CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the Court concludes that the claims raised in the Petition are not such that "jurists of reason could disagree with the district court's resolution" of them, nor are they sufficiently adequate "to deserve encouragement to proceed further." *See id.* Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

DATED: May ⁄ , 2014

HON. ROGER T. BENITEZ
United States District Court Judge

- 4 -

12cv1564